IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHAUNCY RICHARD and MAURICE GROULX, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 2:26-cv-55-ECM-JTA ) (WO) |
| EMBRACE HOME LOANS, INC., et al., | ) ) |
| Defendants. | ) |

## <u>ORDER</u>

Before the court is the amended complaint filed by Plaintiffs Chauncy Richard and Maurice Groulx, who are proceeding *pro se*. (Doc. No. 19.) Also before the court is Plaintiffs' motion for leave to file a sur-reply. (Doc. No. 122.) For the reasons stated below, Plaintiffs will be required to file a second amended complaint in compliance with the instructions provided in this order. Defendants shall not respond to the second amended complaint until so ordered by the court. Further, Plaintiffs' motion for sur-reply (Doc. No. 122) will be denied. Briefing on all motions filed to date, as well as briefing on the merits of the claims in Plaintiffs' original and amended complaints (Docs. No. 1, 19), shall cease.

## I.   DISCUSSION

A.   Plaintiffs Must Amend Their Complaint or Face Dismissal.

Though Plaintiffs paid the filing fee, the court has the inherent authority to dismiss a patently frivolous complaint. *See Mecca El v. Alabama*, No. 2:25-cv-233-MHT-JTA, 2025 WL 2429076, at *1 (M.D. Ala. Apr. 16, 2025) (April 16, 2025 Order of the Magistrate Judge) (collecting cases). Further, even when a plaintiff pays the filing fee, the court has

the obligation to dismiss a shotgun pleading if, after an opportunity to amend the complaint, the plaintiff fails to cure the pleading errors. *See Kelly v. Water Works & Sanitary Sewer Bd. of City of Montgomery*, No. 2:24-cv-348-RAH-JTA, 2025 WL 20542, at *2 (M.D. Ala. Jan. 2, 2025) (Jan. 2. 2025 Order of the Magistrate Judge) (collecting cases); *see also Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 n.5 (11th Cir. 1996) ("On examining [the] pleadings, the court, acting *sua sponte*, should have struck the plaintiff's [shotgun] complaint, and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement."); *Sullivan v. City of Dadeville*, No. 3:22-cv-653-ECM-JTA, 2024 WL 3297677, at *3 (M.D. Ala. July 3, 2024) ("[T]he court is obliged to *sua sponte* exercise its inherent duty and responsibility to manage its docket, ensure that the issues subject to litigation are clearly delineated, prevent extended and aimless discovery, protect the record from accumulating cumbersome and unnecessary mass, and efficiently allocate judicial resources," including by "*sua sponte* order[ing] repleader of a shotgun complaint where necessary to achieve those objectives, and where less drastic alternatives are unavailing." (collecting cases)), *report and recommendation adopted*, No. 3:22-cv-653-ECM, 2024 WL 4236298 (M.D. Ala. Sept. 19, 2024).

Plaintiffs' seventy-four page amended complaint is "a perfect example of 'shotgun' pleading, in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson*, 77 F.3d at 367. Further, Plaintiffs' jurisdictional and factual allegations, as well as their legal claims, are founded on theories commonly associated with the sovereign citizen movement. (*See also* Doc. No. 89 at 13

(Plaintiffs' unsigned[1] cross-motion for summary judgment specifically invoking sovereign citizen status).) Nothing in the complaint makes any legal sense, as measured by any law or legal theory recognizable in this court. *See Municipality of Dothan v. Hammond*, No. 1:24-cv-289-ECM-JTA, 2024 WL 3507305, at *2 n.1 (M.D. Ala. June 28, 2024) ("Sovereign citizens' arguments are invariably constructed by magical thinking that is meaningless in the real world of the federal judicial system, where words are used non-thaumaturgically and have meanings with consequences equally applicable to everyone regardless of professed citizenship status."), *report and recommendation adopted*, No. 1:24-cv-289-ECM, 2024 WL 3503120 (M.D. Ala. July 22, 2024); *see also Watkins v. Conn's Appliances, Inc.*, No. 8:24-cv-2380-TPB-LSG, 2025 WL 449736, at *3 (M.D. Fla. Jan. 28, 2025) ("[S]overeign citizens believe that as 'natural humans' (or sovereigns) they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." (citation modified)), *report and recommendation adopted*, No. 8:24-cv-2380-TPB-LSG, 2025 WL 448709 (M.D. Fla. Feb. 10, 2025)). Sovereign-citizen-type arguments are

---

[1] Under Rule 11(a) of the Federal Rules of Civil Procedure all parties filing a pleading, motion, or other document must sign it personally or through counsel. *Pro se* parties cannot sign documents on one another's behalf. Rule 11(a) states:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

patently frivolous[2] and "may be ignored without discussion." *Hammond*, 2024 WL 3507305, at \*2 n.1 (collecting cases); *see also Watkins*, 2025 WL 449736, at \*3 (noting sovereign citizen "theories are patently frivolous and commonly rejected in this circuit"); *Bey v. Re/max*, No. 8:23-cv-2768-TPB-TGW, 2023 WL 8778617, at \*1 (M.D. Fla. Dec. 19, 2023) ("The arguments and legal theories espoused by sovereign citizens have been consistently rejected as 'utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars.'" (quoting *Young v. PNC Bank, N.A.*, No. 3:16-cv-298-RV-EMT, 2018 WL 1251920, at \*2 (N.D. Fla. Mar. 12, 2018))).

Furthermore, the allegations in the amended complaint do not clearly establish Plaintiff Chauncy Richard has standing to bring this action. To support standing, the allegations of the complaint must show[3] each Plaintiff "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016).

---

[2] In fact, sovereign citizen complaints are so inherently frivolous they may be dismissed with prejudice and without an opportunity to amend. *See Bey*, 2023 WL 8778617, at \*1 (M.D. Fla. Dec. 19, 2023) (*sua sponte* dismissing a sovereign citizen complaint with prejudice and without an opportunity to amend).

[3] Standing to sue implicates the court's subject matter jurisdiction. *Lewis v. Governor of Ala.*, 944 F.3d 1287, 1296 (11th Cir. 2019). "[U]nder Rule 8(a) of the Federal Rules of Civil Procedure, the complaint 'must contain . . . a short and plain statement of the grounds for the court's jurisdiction,'" which includes facts sufficient to establish Plaintiff[s'] standing to sue." *Raley v. United States*, No. 2:23-cv-552-RAH-JTA, 2024 WL 2982038, at \*5 (M.D. Ala. June 13, 2024) (quoting Fed. R. Civ. P. 8(a)(1)), *report and recommendation adopted*, No. 2:23-cv-552-RAH, 2024 WL 3852140 (M.D. Ala. Aug. 16, 2024).

4

Because it is not entirely outside the realm of possibility Plaintiffs may have some cognizable legal claim against Defendants over which the court has jurisdiction, in the interest of justice, the court will allow Plaintiffs <u>one</u> opportunity to amend the complaint in compliance with this order.

B.    Plaintiffs Are Advised of Their Responsibilities as Litigants in Federal Court.

Plaintiffs are ADVISED that **even *pro se* litigants must comply with all applicable deadlines, this court's orders, the court's local rules, and the Federal Rules of Civil Procedure, <u>just as any other litigant must do</u>, or face sanctions, which could include monetary sanctions or dismissal of this case with or without prejudice**. *See Sullivan v. Prattville Health & Rehab., LLC*, No. 3:22-cv-702-RAH-JTA, 2024 WL 2755683, at *6 (M.D. Ala. May 29, 2024) (recommendation of the magistrate judge) ("[A] *pro se* party must take responsibility for the obligations to which he committed when he filed the case and complete his required filings by the applicable deadlines."); *Municipality of Dothan v. Hammond*, No. 1:24-cv-289-ECM-JTA, 2024 WL 2378870, at *1 n.1 (M.D. Ala. May 22, 2024) ("[T]hough he is *pro se*, [a litigant] is required to comply with court orders and the Federal Rules of Civil Procedure." (citing *Maus v. Ennis*, 513 F. App'x 872, 878 (11th Cir. 2013))). This is Plaintiffs' case, so it is their responsibility to comply with court orders, the Federal Rules of Civil Procedure,[4] the Local Rules of the United States District Court for

---

[4]    The Federal Rules of Civil Procedure may be found on the court's website at https://www.almd.uscourts.gov/representing-yourself. They may also be found at https://www.almd.uscourts.gov/about/rules-orders-procedures.

the Middle District of Alabama,[5] and the Guidelines to Civil Discovery Practice in the Middle District of Alabama.[6]

As noted in Section I.A. of this order, Rule 11 requires that "every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). **Documents not signed in accordance with Rule 11 "must" be stricken "unless the omission is promptly corrected."** *Id.* **Repeated failures to comply with Rule 11's signature requirements may result in a recommendation of imposition of sanctions or dismissal of this action with or without prejudice.** Rule 11 requires that documents filed with the court shall not be "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," but shall be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."[7] Fed. R. Civ. P. 11(b)(1)–(2). Additionally, all factual contentions in a document filed with the court must "have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). **Violations of Rule 11 may result in imposition of sanctions,**

---

[5] The court's local rules may be found at https://www.almd.uscourts.gov/forms/almd-local-rules.

[6] The Guidelines to Civil Discovery Practice in the Middle District of Alabama may be found at https://www.almd.uscourts.gov/forms/guidelines-civil-discovery-practice-middle-district-alabama.

[7] Sovereign citizen legal theories are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(1)–(2).

**including monetary sanctions or entry of an adverse judgment with or without prejudice**. Fed. R. Civ. P. 11(c); *Maus*, 513 F. App'x at 878.

To ensure Plaintiffs can comply with all applicable rules and court orders, it is also their responsibility to maintain their correct mailing addresses on file with the court and stay informed of the status of this case. *Smith v. Adrian*, No. 2:23-cv-190-RAH-JTA, 2023 WL 8608786, at *6 (M.D. Ala. Oct. 20, 2023), *report and recommendation adopted*, No. 2:23-cv-190-RAH, 2023 WL 8606748 (M.D. Ala. Dec. 12, 2023). Therefore, Plaintiffs must <u>immediately</u> inform the Court of any change in their mailing addresses. Notice to the Court shall be <u>filed, in writing, not later than ten days following any change of mailing address,</u> and served on counsel for all other parties and on all other unrepresented parties. If Plaintiffs do not keep a current mailing address on file with the Clerk of Court, Plaintiffs may fail to receive important notices and court orders with which Plaintiffs must comply to avoid dismissal of this case. Failure to comply with an order <u>will not be excused</u> if the failure to comply is due to Plaintiffs' own failure to timely file a notice of change of mailing address. **Failure to timely file written notice of change of mailing address may result in dismissal of this case for failure to prosecute and failure to comply with court orders.**

Finally, Plaintiffs are ADVISED that the court's website provides important information for litigants who are proceeding *pro se*. Plaintiffs should review the section entitled "Representing Yourself" on the court's website (https://www.almd.uscourts.gov). The Federal Rules of Civil Procedure, the Local Rules for the Middle District of Alabama, and forms/instructions are also available.

## II.   CONCLUSION

Accordingly, it is ORDERED as follows:

1. **On or before March 20, 2026**, Plaintiffs must file a second amended complaint that complies with the Federal Rules of Civil Procedure, including the following requirements:

   a.   To the extent possible, correctly names all Defendant(s).

   b.   States claims against Defendants who are individuals or legal entities subject to suit.

   c.   Alleges facts sufficient to support a cognizable basis for subject matter jurisdiction.

   d.   Sets out a short, plain statement of the facts on which Plaintiffs base their claims. The second amended complaint must specifically describe how Defendants acted, or failed to act, in a manner that harmed each Plaintiff. To the extent practicable, and for further clarity, Plaintiffs should also state when the Defendants' allegedly wrongful acts occurred.

   e.   Presents a short, plain statement of each claim showing Plaintiffs are entitled to relief and "give[s] [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted); Fed. R. Civ. P. 8(a)(2). The legal basis for Plaintiffs' claims shall be grounded in law, not sovereign citizen theories. The second amended complaint should set out each claim in

8

a separately numbered count that specifies which law was allegedly violated and reference specific allegations of fact that support each legal claim.

f.    Is a full, complete statement of Plaintiffs' claims. Plaintiffs shall not incorporate prior pleadings or filings by reference, but shall fully set forth their claims in their second amended complaint. *See* M.D. Ala. LR 15.1. Plaintiffs are ADVISED that the second amended complaint will supersede all prior pleadings.

g.    Includes both Plaintiffs' signatures in compliance with Rule 11(a) of the Federal Rules of Civil Procedure.

h.    The second amended complaint shall be a short, plain statement of Plaintiffs' claims. It shall not serve as a legal brief. That is, it shall not expound on the law or contain persuasive argument as to the merits of Plaintiffs' claims. <u>An amended complaint that also operates as a legal brief will not be accepted</u>.

4.    **To allow the court an opportunity to review the second amended complaint for compliance with this order, Defendants <u>shall not answer or otherwise respond</u> to the second amended complaint until so ordered by the court.** Answers and Rule 12 motions filed in violation of this Order may be stricken *sua sponte*.

5.   Plaintiffs' motion for leave to file a sur-reply (Doc. No. 122) is DENIED. The court will not consider the sur-reply (Doc. No. 123) filed without leave of court.

6.   No party shall further brief any motions currently pending before the court. No further motions or briefs shall be filed in response to, or in support of, the merits of Plaintiffs' original or amended complaints. (Docs. No. 1, 19). Briefs filed in violation of this Order may be stricken *sua sponte*.

**Plaintiffs are advised that failure to timely file an amended pleading in compliance with this Order will result in a recommendation of dismissal for failure to comply with the court's orders. Such dismissal may be with or without prejudice**.

The Clerk of the Court is DIRECTED to provide a copy of this order to Plaintiffs by regular mail and by certified mail, return receipt requested.

DONE this 3rd day of March, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE