IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHAUNCY RICHARD and MAURICE     )
GROULX,                          )
                                 )
        Plaintiffs,              )
                                 )
v.                               )        CASE NO. 2:26-cv-55-ECM-JTA
                                 )        (WO)
EMBRACE HOME LOANS, INC., et al., )
                                 )
        Defendants.              )

## ORDER

Plaintiffs filed numerous motions before filing their second amended complaint on March 16, 2026. (Doc. No. 127.) The undersigned concludes those motions are moot.

Plaintiffs' second amended complaint supersedes all prior pleadings. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("[W]hen [the plaintiff] filed the second amended complaint, the first amended complaint . . . became a legal nullity."). Consequently, all motions contingent on the merits of Plaintiffs' prior pleadings are moot, as are all motions concerning extensions of time to respond to prior pleadings. *See Smith v. Franklin*, No. 2:24-cv-361-JTA, 2024 WL 4438317, at *1 (M.D. Ala. Oct. 7, 2024) (denying as moot a motion to dismiss a complaint that had been superseded by an amended pleading (collecting cases)). Furthermore, Plaintiffs' requests for injunctive relief are moot

because they are directed at claims in superseded pleadings.[1] *See KMF Servs., LLC v. Shift4 Payments, LLC*, No. 3:24-cv-633-WWB-SJH, 2024 WL 5239615, at *2 (M.D. Fla. Dec. 27, 2024) (Order of the Magistrate Judge) ("Plaintiffs' request to file a second amended complaint is due to be granted. As such, the pending motion to dismiss and motion for preliminary injunction directed to the current pleading are due to be denied without prejudice as moot." (collecting cases)).

Accordingly, it is ORDERED as follows:

1. Defendant Safeguard Properties Management, LLC's motion to dismiss (Doc. No. 49) is DENIED as moot.

2. Plaintiffs' motion for preliminary injunction (Doc. No. 60) is DENIED as moot.

3. Plaintiffs' motion for protective order (Doc. No. 60) is DENIED as moot.

4. Plaintiffs' motion to strike (Doc. No. 61) is DENIED as moot.

5. Plaintiffs' motion for default judgment (Doc. No. 66) is DENIED as moot.

6. Plaintiffs' motion for reconsideration (Doc. No. 67) is DENIED as moot.

7. Plaintiffs' motion to strike Defendant Safeguard's motion to dismiss (Doc. No. 68) is DENIED as moot.

8. Plaintiffs' "Second Motion to Correct the Docket and Deem Non-Consent

---

[1] To the extent motions for preliminary injunction implicate facts, claims, and issues in the second amended complaint, there is no prejudice to Plaintiffs in denying the motions as moot. The denial is without prejudice.

filed Nunc Pro Tunc as of November 5, 2025"[2] (Doc. No. 71) is DENIED as moot.

9. The motion to dismiss filed by Defendants Embrace Home Loans, Inc., Joel Goldman, Lakeview Loan Servicing LLC, LoanCare, LLC, Mortgage Electronic Registration Systems Inc., Nationwide Title Clearing, LLC, and David Worrall (Doc. No. 85) is DENIED as moot.

10. Plaintiffs' cross-motion to dismiss for lack of jurisdiction (Doc. No. 89) is DENIED as moot.

11. Plaintiffs' motion to strike (Doc. No. 100) is DENIED as moot.

12. Plaintiffs' motion for sanctions (Doc. No. 100) is DENIED as moot.

13. Plaintiffs' motion to strike (Doc. No. 101) is DENIED as moot.

14. Plaintiffs' motion for sanctions. (Doc. No. 101) is DENIED as moot.

15. Plaintiffs' motion for default judgment (Doc. No. 108) is DENIED as moot.

16. Plaintiffs' motion to dismiss Defendants' claims and counterclaims (Doc. No. 108) is DENIED as moot.

17. Plaintiffs' motion to correct the record (Doc. No. 111) is DENIED as moot.

---

[2] In their "Second Motion to Correct the Docket and Deem Non-Consent filed Nunc Pro Tunc as of November 5, 2025," Plaintiffs seek to register their nonconsent to assigning the case to a United States Magistrate Judge. (Doc. No. 71.) That motion was filed in the United States District Court for the Eastern District of Texas before the case was transferred to this District. In this District, *pro se* litigants are not offered the opportunity to consent to a Magistrate Judge conducting all proceedings pursuant to 28 U.S.C. § 636(c), nor has this case been assigned to the undersigned for that purpose. Thus, even though Plaintiffs' motion to correct the docket is not contingent on the merits of their superseded pleadings, the motion is moot.

18.    Plaintiffs' motion to dismiss (Doc. No. 111) is DENIED as moot.

19.    Plaintiffs' amended motion for preliminary injunction (Doc. No. 120) is DENIED as moot.

DONE this 9th day of April, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE