IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHAUNCY RICHARD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cv-55-ECM-JTA |
| | ) | (WO) |
| EMBRACE HOME LOANS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the court is Plaintiffs' motion for equitable accounting. (Doc. No. 157.)

Plaintiffs seek the production of various records and statements allegedly relevant to their

claims. (Doc. No. 157 at 4, 15.) Despite their attempt to characterize the requested relief

otherwise,[1] such relief amounts to early discovery. Plaintiffs have not shown good cause

for early discovery as required by Fed. R. Civ. P. 26(d)(1). Accordingly, it is ORDERED

that Plaintiffs' motion (Doc. No. 157) is DENIED.

DONE this 8th day of June, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

---

[1] Without seeking to amend their complaint, Plaintiffs purport to seek an "equitable accounting" and declaratory relief pursuant to the Declaratory Judgment Act. Claims to such relief must be stated in a pleading. *See* Fed. R. Civ. P. 7 (differentiating motions from pleadings); Fed. R. Civ. P. 8(a)(2)–(3) (setting forth matters that must be included in a pleading that states a claim for relief, including a party's claims and requests for relief); *see also* 28 U.S.C.A. § 2201)(a) ("In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." (emphasis added)); *Kornegay v. Beretta USA Corp.*, 614 F. Supp. 3d 1029, 1037 (N.D. Ala. 2022) ("Declaratory judgments and injunctions . . . are remedies tied to some other cause of action.").