IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHAUNCY RICHARD, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cv-55-ECM |
| | ) | [WO] |
| EMBRACE HOME LOANS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

## I. INTRODUCTION

*Pro se* Plaintiffs Chauncy Richard ("Richard") and Maurice Groulx ("Groulx") (collectively, "Plaintiffs") bring this civil action against Defendants Embrace Home Loans, Inc. ("Embrace"); Lakeview Loan Servicing, LLC ("Lakeview"); LoanCare, LLC ("LoanCare"); Mortgage Electronic Registration Systems Inc. ("MERS"); and Nationwide Title Clearing, LLC ("Nationwide") (collectively, "Defendants"), asserting claims arising out of certain real property located in Alabama. (Doc. 127 (operative complaint)). The Plaintiffs bring a claim against all Defendants requesting a declaratory judgment (Count I);[1] a claim against all Defendants for a declaratory judgment and for cancellation of a December 19, 2024 Assignment of Mortgage (Count II); a state law claim against Lakeview for "attempted wrongful foreclosure" (Count III); and a claim against Embrace, Lakeview, LoanCare, and Nationwide pursuant to the Real Estate Settlement Procedures

[1] A request for a declaratory judgment is not a cause of action but rather a request for relief. *See Ron Grp., LLC v. Azar*, 574 F. Supp. 3d 1094, 1099 n.1 (M.D. Ala. Nov. 29, 2021).

Act of 1974 ("RESPA"), 12 U.S.C. § 2605 (Count IV). Before the Court are the Magistrate Judge's recommendation that the Defendants' motion to dismiss be granted and that certain of the Plaintiffs' motions be denied as moot (doc. 181); the Plaintiffs' objections and motion for *de novo* review (doc. 182); the Plaintiffs' "motion to strike prejudicial sovereign citizen characterizations" and other relief (doc. 183); the Plaintiffs' motion to correct the record (doc. 184); and various other motions and objections filed by the Plaintiffs.

After careful review, the Court concludes that Richard's RESPA claim is due to be dismissed without prejudice for lack of standing, and Groulx's RESPA claim is due to be dismissed for failure to state a claim upon which relief can be granted. Having concluded that the sole federal claim is due to be dismissed, the Court declines to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c).

## II. LEGAL STANDARD

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order

to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

## III. DISCUSSION

The Court has carefully reviewed the Magistrate Judge's Recommendation, the Plaintiffs' objections, and the entire record. Because some of the Plaintiffs' objections overlap or raise similar arguments, the Court addresses some objections together, as set out below.

Upon review, the Court concludes that the issues raised in Objections 1–3, 7, 13, 14, 16, 17, 19–21, 23–31, 34, 36, and 39–50[3] have no impact on the Court's conclusion. Therefore, Objections 1–3, 7, 13, 14, 16, 17, 19–21, 23–31, 34, 36, and 39–50 are due to be overruled.

In their "Lead Objection" and Objections 6, 8, 18, and 32, the Plaintiffs argue that the Magistrate Judge lacked the authority to enter her Recommendation in this case because, for example, the Plaintiffs did not consent to the Magistrate Judge's exercise of jurisdiction. The Plaintiffs are mistaken. Referrals to the Magistrate Judge pursuant to 28

---

[2] While the Court recognizes that *Macort* is nonprecedential, the Court finds it persuasive.

[3] There is no Objection 49—the Plaintiffs' submission jumps from Objection 48 to Objection 50. (*See* doc. 182 at 17).

U.S.C. § 636(b) to determine nondispositive pretrial matters or for recommendations on dispositive pretrial matters are lawful and appropriate, and the district court remains "free to do as it sees fit with the magistrate judge's recommendations." *See Roell v. Withrow*, 538 U.S. 580, 585 (2003) (explaining that 28 U.S.C. § 636(b)(1) allows the district judge to refer to the magistrate judge pretrial, case-dispositive matters for recommendations without the parties' consent, leaving "the district court free to do as it sees fit with the magistrate judge's recommendations"); *Jeffrey S. by Ernest S.*, 896 F.2d at 511–12 (explaining that the parties' consent was not required for a district judge to refer a pretrial motion for preliminary injunction to the magistrate judge pursuant to 28 U.S.C. § 636, and rejecting the party's consent argument because the magistrate judge "did not enter judgment in the case, but merely made a recommendation"). Therefore, the Magistrate Judge's Recommendation in this case did not violate the Constitution, federal statute, or this Court's General Order. Consequently, these objections are due to be overruled.

In Objections 4, 5, and 9, as well as in their motion to strike (doc. 183) and motion to correct the record (doc. 184), the Plaintiffs object to the Recommendation's references to "sovereign citizens"—for example, the Recommendation's observation that documents submitted by the Plaintiffs included language "commonly associated with sovereign citizen legal theories" which are "routinely rejected by the courts." (*See* doc. 181 at 5, n.8). However, the Recommendation did not find that any of the Plaintiffs' claims were due to be dismissed because the Plaintiffs had relied on "sovereign citizen legal theories." Moreover, the sovereign citizen references have no impact on this Court's review of the

record in this case—indeed, even if the Court were to disregard the Recommendation's references to sovereign citizens, it would not change the Court's conclusion. As a result, these objections are due to be overruled, and the related motions (docs. 183, 184) are due to be denied.

In Objection 10, the Plaintiffs object to the Recommendation's finding that Richard lacks standing to bring a RESPA claim, arguing that Richard acted as Groulx's (the borrower's) agent. The Plaintiffs relatedly argue in Objection 33 that the Recommendation ignored RESPA's reference to the "agent of the borrower." Upon *de novo* review, the Court finds, as the Magistrate Judge did, that while an agent's qualified written request ("QWR") may trigger a duty to respond, any purported injury flowing from a failure to respond belongs to the borrower, and liability is to the borrower, not the agent. *See* 12 U.S.C. § 2605(e)(1)(A), (f). Therefore, the Court concludes that Richard lacks standing to assert a RESPA claim here. Consequently, these objections are due to be overruled.

In Objection 11, the Plaintiffs object to the Recommendation's finding that Groulx's RESPA claim against Nationwide is due to be dismissed. Upon *de novo* review, the Court concludes that the operative complaint fails to adequately allege that Nationwide is a loan servicer or that it received a valid QWR. Therefore, this objection is due to be overruled.

In Objections 12 and 38, the Plaintiffs object to the Recommendation's finding that Groulx failed to state a plausible RESPA claim against Embrace, Lakeview, and LoanCare, because he failed adequately to plead that he suffered actual damages as a result of any alleged RESPA violation. Upon *de novo* review, the Court concludes that the operative

complaint fails to plead sufficient factual allegations to show that Groulx suffered actual damages as a result of the alleged RESPA violations. The allegation that the Plaintiffs incurred certain costs "as a direct and proximate result" of the alleged RESPA violations, (*see* doc. 127 at 61), is conclusory and insufficient. Therefore, Groulx fails to state a plausible RESPA claim as to Embrace, Lakeview, and LoanCare. For these reasons, Objections 12 and 38 are due to be overruled.

In Objections 15 and 35, the Plaintiffs object to the Recommendation's finding that they failed to adequately allege a pattern or practice of noncompliance under RESPA. Upon *de novo* review, the Court concludes that the Plaintiffs failed to sufficiently allege a pattern or practice. Therefore, Objections 15 and 35 are due to be overruled.

In Objection 22, the Plaintiffs object to the Recommendation's finding that they did not allege diversity jurisdiction, arguing that they did assert diversity jurisdiction in their original complaint. However, the second amended complaint is the operative complaint, which supersedes the original complaint and renders it a nullity. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). Upon review, the Court finds that the second amended complaint does not invoke, let alone sufficiently allege, diversity jurisdiction.[4] Consequently, Objection 22 is due to be overruled.

In Objection 37, the Plaintiffs argue that, because the federal RESPA claim should survive dismissal, the basis for declining supplemental jurisdiction under § 1367(c)(3) does

[4] The Court also finds that the allegations in the original complaint are insufficient to establish diversity jurisdiction.

not exist. For the reasons stated above, the Court finds that the RESPA claim is due to be dismissed. Moreover, the Court declines to exercise supplemental jurisdiction pursuant to § 1367(c)(3). Consequently, this objection is due to be overruled.

The Court has also reviewed the Plaintiffs' other pending motions, (docs. 169, 173, 178, 179), which request that the Court review certain evidence, set aside certain of the Magistrate Judge's Orders, and/or which challenge the Magistrate Judge's authority to enter Orders in this case based on the lack of the Plaintiffs' consent. Regarding the Plaintiffs' motion requesting that this Court review certain evidence, the Court concludes that these motions (docs. 169, 179) are due to be denied as moot because the evidence identified by the Plaintiff does not change the Court's conclusion. The Plaintiffs also move (doc. 173) to set aside the Magistrate Judge's June 15, 2026 Order (doc. 168); the Court construes that motion as an objection under Rule 72(a). The motion (doc. 173) is due to be denied, and the construed objection is due to be overruled, because the June 15, 2026 Order was not "clearly erroneous or contrary to law," *see* FED. R. CIV. P. 72(a). Finally, the Plaintiffs' motion requesting various forms of relief (doc. 178) is due to be denied because this case was not assigned to the Magistrate Judge but rather referred pursuant to § 636(b); the Plaintiffs do not contend that they failed to receive notice of any "text only orders"; and their remaining arguments do not change the Court's ultimate conclusion that this case is due to be dismissed.

Additionally, the Plaintiffs' outstanding objections to two Orders of the Magistrate Judge on nondispositive pretrial matters, (*see, e.g.*, docs. 166, 176), are due to be overruled

because none of the challenged orders are "clearly erroneous or contrary to law," *see* FED. R. CIV. P. 72(a). Finally, the Plaintiffs' objection (doc. 165) to doc. 162 is due to be overruled as moot because doc. 162 was subsequently withdrawn, (*see* doc. 168).

## IV. CONCLUSION

Accordingly, upon an independent review of the record, and for good cause, it is ORDERED as follows:

1. The Plaintiffs' objections (docs. 166, 173, 176) are OVERRULED;

2. The Plaintiffs' objection (doc. 165) is OVERRULED as moot;

3. The Plaintiffs' motions (doc. 169, 179) are DENIED as moot;

4. The Plaintiffs' motions (docs. 173, 178) are DENIED;

5. The Plaintiffs' motion for *de novo* review (doc. 182) is GRANTED to the extent that the Court reviewed *de novo* the aspects of the Recommendation to which the Plaintiffs raised specific objections, as set forth herein. The motion is DENIED in all other respects;

6. The Plaintiffs' motions (docs. 183, 184) are DENIED;

7. The Plaintiffs' objections to the Magistrate Judge's Recommendation (doc. 182) are OVERRULED;

8. The Magistrate Judge's Recommendation (doc. 181) is ADOPTED as modified;

9. The Defendants' motion to dismiss (doc. 142) is GRANTED as follows:

a. Richard's federal claim in Count IV is DISMISSED without prejudice for lack of standing;

b. Groulx's federal claim in Count IV is DISMISSED with prejudice;

c. The Court declines to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c), and the state law claims are DISMISSED without prejudice;

10. This case is DISMISSED;

11. All other pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 7th day of October, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE